UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

DAMARRIS JEAN SAINT-JUSTE
RODREAKAS DESHAY SMITH, JR.
MARCUS TERRELL ELLINGTON, JR.

CASE NO. 6:22-cr-161-PGB-DCI
18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

At all times material to this Indictment, the following businesses, located in the Middle District of Florida: 7-Eleven at 1439 West Orange Blossom Trail, Apopka, Florida; 7-Eleven at 1117 East Semoran Boulevard, Orlando, Florida; and Circle K at 2202 West McCormick Road, Apopka, Florida, were entities that operated in and affected interstate commerce.

## COUNT ONE

On or about August 26, 2022, in the Middle District of Florida, and elsewhere, the defendants,

DAMARRIS JEAN SAINT-JUSTE,
RODREAKAS DESHAY SMITH, JR.,
and
MARCUS TERRELL ELLINGTON, JR.,

aiding and abetting each other, did knowingly, in any way and degree, obstruct,

delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another, that is, an employee of the 7-Eleven at 1439 West Orange Blossom Trail, Apopka, Florida, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the time of the taking and obtaining.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

## COUNT TWO

On or about August 26, 2022, in the Middle District of Florida, the defendant,

DAMARRIS JEAN SAINT-JUSTE,
RODREAKAS DESHAY SMITH, JR.,
and
MARCUS TERRELL ELLINGTON, JR.,

aiding and abetting each other, did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count One above; Count One being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT THREE

On or about August 30, 2022, in the Middle District of Florida, and elsewhere, the defendants,

> DAMARRIS JEAN SAINT-JUSTE,
> RODREAKAS DESHAY SMITH, JR.,
> and
> MARCUS TERRELL ELLINGTON, JR.,

aiding and abetting each other, did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another, that is, an employee of the 7-Eleven at 1117 East Semoran Boulevard, Orlando, Florida, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the time of the taking and obtaining.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

## COUNT FOUR

On or about August 30, 2022, in the Middle District of Florida, the defendant,

> DAMARRIS JEAN SAINT-JUSTE,
> RODREAKAS DESHAY SMITH, JR.,
> and
> MARCUS TERRELL ELLINGTON, JR.,

aiding and abetting each other, did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count Three above; Count Three being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT FIVE

On or about August 30, 2022, in the Middle District of Florida, and elsewhere, the defendants,

DAMARRIS JEAN SAINT-JUSTE,
RODREAKAS DESHAY SMITH, JR.,
and
MARCUS TERRELL ELLINGTON, JR.,

aiding and abetting each other, did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another, that is, an employee of the Circle K at 2202 West McCormick Road, Apopka, Florida, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the

time of the taking and obtaining.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

## COUNT SIX

On or about August 30, 2022, in the Middle District of Florida, the defendant,

DAMARRIS JEAN SAINT-JUSTE,
RODREAKAS DESHAY SMITH, JR.,
and
MARCUS TERRELL ELLINGTON, JR.,

aiding and abetting each other, did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count Five above; Count Five being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

## FORFEITURE

1. The allegations contained in Counts One through Six are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 924(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1951, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

5

3. Upon conviction of a violation of 18 U.S.C. § 924(c), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the violation.

4. The property to be forfeited includes, but is not limited to the following:

   a. magazine and ammunition, seized from the residence located at 1468 Mercy Drive, Apartment 126, Orlando, Florida, on September 6, 2022; and

   b. a Glock with an extended firearm, seized from defendant Rodreakas Deshay Smith, Jr., on September 21, 2022.

5. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Ranganath Manthripragada
Assistant United States Attorney

By: _____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

7

FORM OBD-34
September 22

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

DAMARRIS JEAN SAINT-JUSTE
RODREAKAS DESHAY SMITH, JR.
MARCUS TERRELL ELLINGTON, JR.

INDICTMENT

Violations: 18 U.S.C. § 1951, 18 U.S.C. § 924 (c)

A true bill,

_____
Foreperson

Filed in open court this 22nd day

of September, 2022.

_____
Clerk

Bail $_____

GPO 863 525