# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

Case No. 6:22-cr-161-PGB-DCI

DAMARRIS JEAN SAINT-JUSTE

_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE/VARIANCE

COMES NOW, the Defendant, DAMARRIS JEAN SAINT-JUSTE, and hereby files this Sentencing Memorandum and Motion for Downward Departure/Variance in which he respectfully requests this Honorable Court to exercise its discretion and impose a sentence below that suggested by the advisory sentencing guidelines.

I.  *BOOKER* AND 18 U.S.C. ' 3553(A)

The decision of the United States Supreme Court in *Booker* has rendered the United States Sentencing Guidelines Aeffectively advisory. *U.S. v. Booker*, 125 S. Ct. 738, 759-67 (2005). Pursuant to *Booker*, sentencing courts are required to consider a defendant's guideline range, but may tailor the sentence in light of other statutory concerns as well. *Id.* at 767 (*citing* 18 U.S.C. 3553 (a)).

As a result of *Booker* federal district courts must consider the seven factors set forth by §3553 (a) in determining a sentence:

(1) the nature and circumstances of the offense and the history and

1

characteristics of the defendant;

(2) the need for the sentence imposed-

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

*See* 18 U.S.C. 3553(a).

Moreover, § 3553(a), the Parsimony Provision, mandates that the district court impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in §3553(a)(2). Finally, 18 U.S.C. §3582 recognizes that imprisonment is not an appropriate means of promoting correction and rehabilitation.

## II. APPLYING THE FACTORS CONTAINED IN 18 U.S.C. §3553(a)

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

*The nature and circumstances of the offense*

Although the criminal offenses herein are serious in nature, the Defendant has taken significant steps to accept responsibility for his conduct so that he may begin the process

2

of rehabilitating himself and becoming a lawful and productive citizen. He entered a plea agreement in a timely manner, accepted responsibility for all of his criminal conduct (including conduct not formally charged), and resigned himself to the reality that he must and should pay his debt to society by serving a substantial prison sentence.

*The history and characteristics of the defendant*

As reflected in the Presentence Investigation Report, Mr. Saint-Juste's childhood and life can only be characterized as tragic. His father abandoned the family when Mr. Saint-Juste was an infant. His mother kicked him out of her home when Mr. Saint-Juste was a mere sixteen years of age. Consequently, Mr. Saint-Juste, who has no work skills or formal education, has been homeless since the age of sixteen. Without any role models in his life, no meaningful education or work related skills, Mr. Saint-Juste found himself, from a very young age, immersed in a life of drug addiction with no hope or chance of extricating himself from his station in life.

It is uncontroverted that given these circumstances, Mr. Saint-Juste was in many ways destined to fail. Although he should be held responsible for his criminal conduct, the advisory sentencing guidelines do not require a judge to leave compassion and common sense at the door to the courtroom and the mitigating circumstances involving Mr.Saint-Juste's childhood and life should be given some weight in formulating an appropriate sentence. *U.S. v. Johnson*, 964 F.2d 124, 125 & 129 (2nd Cir. 1992).

### B.     The Purposes of Sentencing

Section 3553(a)(2) lists the four purposes of sentencing, which can be summarized as: just punishment, deterrence, protection of the public, and rehabilitation.

Any form of imprisonment will satisfy the goals of punishment, deterrence and protection

3

of the public. Additionally, Mr. Saint-Juste is in desperate need of treatment for his substance abuse addiction; incarceration is unnecessary to further the goal of rehabilitation since treatment may be served by probation and §3582 explicitly rejects the notion that imprisonment is an appropriate means of promoting correction or rehabilitation.

### C. The Kinds of Sentences Available

Pursuant to Booker, this Honorable Court has significant discretion in fashioning a sentence that is reasonable@ based on §3553(a).

### D. The Sentencing Guidelines and Guideline Policy Statements.

Mr. Saint-Juste respectfully requests that this Court downward depart from the advisory sentencing guidelines based collectively or individually on the arguments made herein and those which will be presented at the sentencing hearing. The mandatory consecutive prison sentences which must be imposed on Mr. Saint-Juste, a twenty-year old with minimal criminal history, are more than sufficient to accomplish and satisfy the goals of sentencing.

## III. CONCLUSION

For the reasons stated herein, Mr. Saint-Juste respectfully requests that this Court exercise its discretion and impose a sentence substantially below that suggested by the advisory sentencing guidelines. Any such sentence would be reasonable pursuant to *Booker* and is supported by the PSR.

Respectfully submitted,

/ Andrew J. Chmelir
Jacobson, Chmelir & Ferwerda
Florida Bar No. 087254
351 East State Road 434, Suite A
Winter Springs, Florida 32708

4

Telephone: 407-327-8899
Facsimile: 407-327-3019
ajchmelir@cs.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/ Andrew J. Chmelir